UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
IRWIN JACOBOWITZ,                    :
PEARL H. JACOBOWITZ, Parents,        :
DJ, AJ, and MJ, Minors,              :
                    Plaintiffs,      :
                                     :
        v.                           :        CA 09-431 ML
                                     :
COMMONWEALTH OF MASSACHUSETTS,       :
TOWN OF DARTMOUTH,                   :
COMMONWEALTH OF PENNSYLVANIA,        :
and JANE and JOHN DOES,              :
                    Defendants.      :
```

## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiffs Irwin Jacobowitz and Pearl H. Jacobowitz, parents of D.J., A.J., and M.J., minors ("Plaintiffs").[1]  Because I conclude that the Application should

---

[1] 28 U.S.C. § 1915 provides in relevant part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

be denied, it is addressed by way of this Report and
Recommendation.  See Lister v. Dep't of Treasury, 408 F.3d 1309,
1312 (10th Cir. 2005)(explaining that because denial of a motion
to proceed in forma pauperis is the functional equivalent of an
involuntary dismissal, a magistrate judge should issue a report
and recommendation for a final decision by the district court).

## Discussion

In their fifty-seven page Complaint (Doc. #1), Plaintiffs
allege that various departments of local or state governments in
Massachusetts and Pennsylvania and employees of those departments
(collectively "Defendants") have violated Plaintiffs'
constitutional and civil rights, violated federal and state
statutes, and committed numerous torts against Plaintiffs.[2]
Plaintiffs' minor children, D.J., A.J., and M.J., have special
needs, and many of the allegations in the Complaint are related

---

[2] Plaintiffs allege specifically that the Dartmouth,
Massachusetts, school and police departments, the Massachusetts
Department of Children and Families, the Massachusetts Department of
Education, the Pennsylvania Department of Children, Youth, and
Families, and various employees of these departments have: 1) violated
Plaintiffs' constitutional rights (Count 1), their civil rights
(Counts 2-4), and the Massachusetts Civil Rights Act (Count 5); 2)
committed torts of malicious prosecution (Count 6), malicious abuse of
process (Count 7), conspiracy (Count 8), false imprisonment and false
arrest (Count 13), false imprisonment (Count 14), defamation (Count
15), intentional infliction of emotional distress (Count 16), loss of
familial relationship (Count 17); and 3) violated the Individuals with
Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491 (Count 9),
Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§
12131-12165 (Count 10), the Rehabilitation Act of 1973, 29 U.S.C. §
701 et seq. (Count 11), and the McKinney-Vento Act, 42 U.S.C. §§
11431-35 (Count 12).  In stating these counts, the Court expresses no
opinion as to whether they constitute valid causes of action.

2

to disputes between Plaintiffs and Defendants regarding the provision of appropriate educational and other services to the children.  Plaintiffs seek monetary damages and injunctive relief.

Based on the allegations contained in the Complaint, it does not appear that the Court has personal jurisdiction over Defendants.  As noted above, they are all departments or employees of town or state governments in Massachusetts or Pennsylvania, and the acts about which Plaintiffs complain occurred in those jurisdictions.  There is no allegation that Plaintiffs' claims arise out of or are related to any Defendant's activity in Rhode Island.[3]  Thus, there appears to be no basis for this Court to exercise personal jurisdiction over any

---

[3] This is significant because:

A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction.  See Donatelli v. National Hockey League, 893 F.2d 459, 462-63 (1st Cir. 1990).  General jurisdiction "exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992) ....

In the absence of general jurisdiction, a court's power depends upon the existence of specific jurisdiction.  Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities.  See Donatelli, 893 F.2d at 462.

Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

3

Defendant.  See Hannon v. Beard, 524 F.3d 275, 282 (1st Cir. 2008)("The first step to achieving personal jurisdiction is that 'a claim must arise out of, or be related to, the defendant's in-forum activities.'")(quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 35 (1st Cir. 1998)); Negrón-Torres v. Verizon Communications, Inc., 478 F.3d 19, 24 (1st Cir. 2007) ("It is axiomatic that a court asserting jurisdiction over a nonresident defendant must find that the defendant maintains sufficient contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'")(quoting International Shoe Co. v. Washington Office of Unemployment, 326 U.S. 310, 316, 66 S.Ct. 154 (1945)); see also Hannon v. Beard, 524 F.3d at 282 ("In typical tort claims, our inquiry is 'whether the plaintiff has established cause in fact (i.e., the injury would not have occurred but for the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action).'")(quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d at 35); Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006)(explaining that to establish personal jurisdiction over nonresident defendant for tort claims, the due process clause requires that plaintiff show a sufficient causal connection between defendant's contact with the forum state and plaintiff's causes of action); cf. Hannon v.

4

Beard, 524 F.3d at 282 (explaining that section 1983 claims have been analogized to tort claims for personal jurisdiction analysis).

The Court brought the apparent lack of personal jurisdiction over Defendants to Plaintiffs' attention in its memorandum and order of September 23, 2009. See Memorandum and Order Denying Application without Prejudice (Doc. #4) ("Order of 9/23/09" or "Order"). The Order advised Plaintiffs to consider whether they had selected the proper court in which to bring their action and that, if they wished to proceed in this Court, they should file an Amended Complaint within fifteen days of the date of the Order, setting forth the basis on which this Court may exercise personal jurisdiction as to each Defendant. See id. at 5. The Order further advised that if Plaintiffs chose not to proceed in this Court, they should not file an Amended Complaint, and this Magistrate Judge would issue a Report and Recommendation recommending that the action be dismissed without prejudice. See id. at 6.

More than fifteen days have now elapsed, and Plaintiffs have not filed an amended complaint. Accordingly, in accordance with the procedure explained in the Order of 9/23/09, I recommend that the Application be denied and the action dismissed without

5

prejudice pursuant to U.S.C. § 1915(e)(2).[4]

## Conclusion

For the reasons stated above, I recommend that Plaintiffs'
Application be denied and that the action be dismissed without
prejudice pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiffs'
Complaint fails to state a claim upon which relief can be
granted.  Any objection to this Report and Recommendation must be
specific and must be filed with the Clerk of the Court within ten
(10)[5] days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv
72(d).  Failure to file specific objections in a timely manner
constitutes waiver of the right to review by the district court
and the right to appeal the district court's decision.  See
United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986);
Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st
Cir. 1980).

---

[4] In relevant part, 28 U.S.C. § 1915(e) provides:

(2) Notwithstanding any filing fee, or any portion thereof,
    that may have been paid, the court shall dismiss the
    case at any time if the court determines that--
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal--
            (i)  is frivolous or malicious;
            (ii) **fails to state a claim on which relief may
                 be granted**; or
            (iii) seeks monetary relief against a defendant
                  who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

[5] The ten days do not include intermediate Saturdays, Sundays,
and legal holidays.  See Fed. R. Civ. P. 6(a).

6

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 9, 2009